IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HIRENKUMAR NARENDRAKUMAR CHAUDHARI,<br><br>     Petitioner,<br><br>  v.<br><br>PETER BERG, Field Office Director US DHS ICE ERO, St. Paul MN; MATTHEW T. ALBENCE, Deputy Director, US DHS ICE; JOSEPH P. KELLY, US Attorney for the District of Nebraska; WILLIAM BARR, US Attorney General; CHAD WOLF, Acting Secretary US DHS; and TODD BAHENSKY, Director Hall County Dept of Corrections;<br><br>     Respondents. | 8:20CV290<br><br>ORDER TO<br>SHOW CAUSE |

  This matter is before the Court on petitioner Hirenkumar Narendrakumar Chaudhari's ("Chaudhari") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Filing No. 1). Chaudhari, a native and citizen of India, states he has been detained since before December 7, 2019, in United States Immigration and Customs Enforcement ("ICE") custody at the Hall County Department of Corrections facility in Grand Island, Nebraska.

  According to Chaudhari, a United States Immigration Judge ordered him removed from the United States on March 3, 2020. On or about June 30, 2020, ICE notified Chaudhari that his detention was being extended by 90 days but that "[t]here is a significant likelihood of your removal in the reasonably foreseeable future." Urging the Court to take judicial notice of the global disruption caused by the global COVID-19 pandemic, Chaudhari suggests ICE's assurance of imminent removal is suspect. Chaudhari

contends his "indefinite detention" in Hall County pending removal is unreasonable and unconstitutional, and he asks the Court "to order his release under an order of supervision."

Under 28 U.S.C. § 2243, a court considering "an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." A writ or order must "be directed to the person having custody" and must "be returned within three days" unless the Court finds good cause to allow more time. *Id.*; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining the custodian is "the person" with the ability to produce the prisoner's body before the habeas court).

Upon initial review of Chaudhari's petition, the Court is unable to definitively say Chaudhari is not entitled to any relief. Therefore, the Court will order Chaudhari's custodian to show cause why the writ should not be granted. In light of the issues Chaudhari raises and the circumstances surrounding his request for relief, the Court finds good cause to allow his custodian additional time to respond. Accordingly,

IT IS ORDERED:
1. Respondent Todd Bahensky, Director of the Hall County Department of Corrections must show cause on or before August 7, 2020, why the petition for a writ of habeas corpus (Filing No. 1) should not be granted.
2. The Clerk of Court shall mail a copy of this Order to Show Cause to each respondent.

Dated this 31st day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

2